IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,    )
   )
          Plaintiff,    )
   )
v.    )    No. CR-05-30-L
   )    No. CIV-07-536-L
DON CORNELIUS DIXON,    )
   )
          Defendant.    )

# O R D E R

On February 16, 2005, a federal grand jury returned a four-count indictment against defendant. Defendant was charged in Count 1 with using a telephone to facilitate the distribution of cocaine base in violation of 21 U.S.C. § 843(b). Counts 2, 3, and 4 charged defendant with separate instances of distribution of cocaine base. On April 12, 2005, defendant pled guilty to all four counts of the indictment.

Pursuant to Fed. R. Crim. P. 32, the presentence investigation report ("PSR") was disclosed to counsel for defendant, who thereafter submitted objections on defendant's behalf. The majority of the objections were to the drug amounts attributed to defendant. The PSR held defendant accountable for 21,262.50 grams of cocaine base. Defendant contended he should be held accountable solely for the amount of drugs alleged in the indictment, that is 24.22 grams. The court held an evidentiary hearing on defendant's objections on August 16, 2005. Based on the evidence presented, the court sustained defendant's objections in part, finding the

government had established by a preponderance of the evidence that defendant was responsible for 500 grams to 1.5 kilograms of cocaine base.  This resulted in a Base Offense Level under the advisory Sentencing Guidelines of 36 and a Total Offense Level of 33.  The court sentenced defendant to 204 months imprisonment on Counts 2, 3, and 4, which was toward the lower end of the Guideline range of 188 to 235 months.[1]   Defendant timely appealed his sentence to the Court of Appeals for the Tenth Circuit, which issued an Order and Judgment affirming this court's judgment on May 5, 2006.  United States v. Dixon, 179 Fed. Appx. 541 (10th Cir. 2006). Defendant did not file a petition for writ of certiorari.  His conviction thus became final on August 28, 2006, 90 days after issuance of the Mandate on May 30, 2006.

On May 7, 2007, defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.  Defendant contends his sentence was imposed in violation of the Fifth and Sixth Amendments to the United States Constitution because the court's findings with respect to drug amounts increased the sentencing range under the Guidelines.  He contends  he received ineffective assistance of trial and appellate counsel because counsel did not argue his sentence violates the rule enunciated in United States v. Booker, 125 S. Ct. 738 (2005).

---

[1]Defendant was sentenced to the statutory maximum of 96 months on Count 1 of the indictment.  The court ordered all terms of imprisonment to be served concurrently.

A prisoner who is in custody may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255. Issues that have been considered by the appellate court, however, are not proper subjects for a 2255 motion absent an intervening change in the law.  *See* United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989).  Likewise,  § 2255 is not the appropriate vehicle to raise issues that should been raised on appeal.  *See* United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994).   A defendant is barred from raising arguments for the first time in a 2255 motion "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."  United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993) (*citing* United States v. Frady, 456 U.S. 152, 167-68 (1982)).  However, claims of ineffective assistance of counsel are not subject to procedural bar and, in fact, are more appropriately raised for the first time in § 2255 motions.  Massaro v. United States, 538 U.S. 500, 505 (2003).

To establish a claim of ineffective assistance of counsel, defendant must show that counsel's performance was deficient in that it "fell below an objective standard of reasonableness."  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  In

applying this test, the court must "give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" Bullock v. Carver, 297 F.3d 1036, 1044 (10th Cir.), *cert. denied*, 537 U.S. 1093 (2002) (*quoting* Strickland, 466 U.S. at 690).

> The proper measure of attorney performance is that of reasonably effective assistance under prevailing professional norms, considering all of the surrounding circumstances. The Court has been crystal clear that "[j]udicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to secondguess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  For that reason, a reviewing court must "reconstruct the circumstances of counsel's challenged conduct [and] evaluate [that] conduct from counsel's perspective at the time."  Because of the difficulties that inhere in such a process, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."

Bryan v. Mullin, 335 F.3d 1207, 1217 (10th Cir. 2003) (*en banc*), *cert. denied*, 541 U.S. 975 (2004) (citations omitted).    In addition to establishing that counsel's performance was deficient, defendant must also show that "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.  The court need not address whether counsel's performance was deficient if defendant fails to prove actual prejudice.  "The benchmark for judging any claim of ineffectiveness must be

whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.[2]

Defendant's *Booker* claim was raised on direct appeal, albeit in a brief filed *pro se*, and decided adversely to him. The Court of Appeals permitted the filing of defendant's *pro se* brief and specifically addressed his arguments in its Order and Judgment. The Court noted:

> In his pro se supplemental brief, Dixon argues that *Booker* prohibited the district court from sentencing him for drug quantities other than those listed in the indictment. This, however, is a clear misreading of *Booker*.

Dixon, 179 Fed. Appx. at 543 n.1. The *Booker* claim is therefore not a proper subject for a 2255 motion.[3] Likewise, to the extent defendant asserts the statute establishing the United States Sentencing Commission is unconstitutional, that claim is subject to procedural bar since it was not raised on direct appeal.

_____

[2]In its response to defendant's motion, the government argues "[t]he rare occasion when appellate counsel may deliver deficient performance and prejudice a defendant is when there is a failure to raise a 'dead-bang winner,' i.e., an error which was obvious from the record and would have resulted in reversal on appeal." In Neill v. Gibson, 278 F.3d 1044 (10th Cir. 2001), *cert. denied*, 537 U.S. 835 (2002), the Tenth Circuit specifically disavowed use of the "dead-bang winner" language as used by the government. The Court held "[t]he en banc court, therefore, expressly disavows the use of the 'dead-bang winner' language to imply requiring a showing more onerous than a *reasonable probability* that the omitted claim would have resulted in a reversal on appeal." Id. at 1057 n.5 (emphasis added).

[3]The government's argument that defendant's *Booker* claim fails because "the Tenth Circuit has specifically held that *Booker* does not apply retroactively on collateral review" is without merit. Government's Response to Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence at 13. Defendant is not seeking retroactive application of *Booker* as he was sentenced eight months after the Supreme Court issued its decision in *Booker*.

Moreover, neither trial nor appellate counsel was ineffective for failing to press defendant's *Booker* argument.  Defendant's *Booker* analysis is contrary to Tenth Circuit precedent that issued prior to defendant's sentencing in August 2005.  On June 1, 2005, the Court issued its opinion in <u>United States v. Dalton</u>, 409 F.3d 1247 (10th Cir. 2005), which specifically rejects the arguments raised by defendant in this case.  The Court held

> *Booker* therefore does not render judicial fact-finding by a preponderance of the evidence per se unconstitutional. The remedial portion of *Booker* demonstrates that such fact-finding is unconstitutional only when it operates to increase a defendant's sentence mandatorily.  We recently noted that "in sentencing criminal defendants for federal crimes, district courts are still required to consider Guide-line ranges, which are determined through application of the preponderance standard, just as they were before. The only difference is that the court has latitude, subject to reasonableness review, to depart from the resulting Guideline range." <u>United States v. Magallanez</u>, 408 F.3d 672, 683 (10th Cir. 2005).  *See also* <u>United States v. Trujillo-Terrazas</u>, 405 F.3d 814, 818 (10th Cir. 2005) ("By rendering the Guidelines discretionary, the Court saved the process of judicial factfinding from unconstitutionality under the Sixth Amendment.")

<u>Dalton</u>, 409 F.3d at 1252.  *See also* <u>United States v. Lauder</u>, 409 F.3d 1254, 1269 (10th Cir. 2005) ("Indeed, after *Booker*, it is now universally accepted that judge-found facts by themselves do not violate the Sixth Amendment.  Instead, the constitutional error was the court's reliance on judge-found facts to enhance Lauder's sentence *mandatorily*.") (emphasis in original).  In sentencing defendant,

the court clearly stated the Guidelines were advisory only.  Transcript of Sentencing Hearing at 81.  Thus, no *Booker* error occurred.

Finally, counsel cannot be deemed deficient for failing to advise defendant of the rules announced in <u>Rita v. United States</u>, 127 S. Ct. 2456 (2007) and <u>Cunningham v. California</u>, 127 S. Ct. 856 (2007), as these decisions were issued nearly two years after defendant was sentenced.  *See* <u>United States v. Cockerham</u>, 237 F.3d 1179, 1190 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002).

Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. No. 45) is therefore DENIED. Defendant's Motion Moving for Judgment on the Pleadings of Petitioner's Ineffective Assistance of Counsel Claim Filed Pursuant to 28 U.S.C. § 2255 (Doc. No. 55) is also DENIED as the government timely filed its response to defendant's 2255 motion.[4]  Judgment will issue accordingly.

It is so ordered this 8th day of August, 2007.

_Tim Leonard_
_____
TIM LEONARD
United States District Judge

---

[4]The response was filed on July 25, 2007 after the government received an extension of time.  Order at 1 (June 20, 2007) (Doc. No. 50).